IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT J. BOUMSTEIN, | |
| Plaintiff, | 8:12-CV-231 |
| vs. | MEMORANDUM AND ORDER |
| SECURITY PRODUCTS COMPANY, LLC, | |
| Defendant. | |

     This matter is before the Court on the defendant's Motion to Compel Arbitration and Stay Action or, in the Alternative, to Transfer to the United States District Court for the District of Minnesota and/or Dismiss (filing 11); the Findings, Recommendation, and Order (filing 21) of the United States Magistrate Judge regarding that motion; the plaintiff's objection to those findings and recommendation (filing 22); and the defendant's Motion to Correct Record (filing 26). I have conducted a de novo review of the Magistrate Judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1). For the reasons explained below, the defendant's motion to correct the record will be granted, the plaintiff's objection will be overruled, the Magistrate Judge's findings and recommendation will be adopted, and the defendant's motion to compel arbitration will be granted in part and denied in part as recommended by the Magistrate Judge.

     The first matter to be addressed is the defendant's motion to correct the record. One of the plaintiff's complaints is that the index of evidence (filing 13) submitted by the defendant in support of its motion to compel arbitration was not properly authenticated as required by NECivR 7.0.1(a)(2)(C). *See* filing 24 at 3-5. It appears that the defendant intended to include an affidavit with its filing to authenticate its documents, but the affidavit was inadvertently omitted. *See* filing 13. The defendant now moves the Court to accept those documents along with the omitted affidavit. Filing 26.

     28 U.S.C. § 636(b)(1) provides that in conducting its de novo review of the proposed findings and recommendation of a magistrate judge, a district court "may also receive further evidence." *See also* NECivR 72.2(b)(2) (supplemental hearing may be held to offer additional evidence). It is axiomatic that if the Court may accept additional evidence, the Court may

also accept a corrected version of the evidence that the Magistrate Judge thought was properly before her in the first instance. The Court also notes that the plaintiff did not raise this argument before the Magistrate Judge. *See* filings 10 and 16. Thus, the plaintiff waived this aspect of his objection. *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1066-67 (8th Cir. 2012). In sum, the Court finds no merit to the plaintiff's complaint about the authentication of the defendant's evidence, and will grant the defendant's motion to correct the record and consider the defendant's evidence to be properly submitted.

The only other issue meriting discussion is the plaintiff's argument that the Magistrate Judge erred in finding that the promissory note at issue was actually attached to the purchase agreement when it was executed on December 3, 2010. *See* filing 24 at 12-14. But as the Magistrate Judge's findings and recommendation make clear, while the initial purchase agreement was executed on December 3, it was supplemented by an amendment executed December 31—and the promissory note was attached to that amendment. *See* filings 27-3 and 27-5. The plaintiff does not suggest otherwise. Nor do the Magistrate Judge's findings and recommendation suggest otherwise, and her legal conclusions were based on that finding. *See* filing 21.

The plaintiff did not argue before the Magistrate Judge that it somehow mattered whether the promissory note was attached to the original, unamended December 3, 2010, purchase agreement. *See* filing 10. To be frank, this argument seems like a belated attempt to exploit the defendant's accidental omission of the affidavit authenticating its index of evidence. It has been waived by its omission before the Magistrate Judge, see *Ridenour*, 679 F.3d at 1066-67, and it is without merit in any event, given that the Magistrate Judge's conclusions were all (correctly) based on the fact that the note was attached to the December 31 amendment.[1]

The plaintiff's remaining arguments are reassertions of arguments made to the Magistrate Judge, and addressed in her findings and recommendation. The Court finds her reasoning persuasive, and sees no need

---

[1] The Court also notes the index of evidence (filing 23) submitted by the plaintiff in support of his objection, containing evidence that the promissory note was not attached to the purchase agreement on December 3. As discussed above, the Court does not find this fact to be either controverted or meaningful. And, the Court notes, the plaintiff did not seek leave to supplement the record, or explain why the evidence was not before the Magistrate Judge. The taking of further evidence is a matter for the district court's discretion. See *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). The plaintiff has presented this Court with no reason (much less a persuasive reason) to exercise that discretion here. But in any event, the evidence does not help the plaintiff.

to restate it here. The Court therefore adopts the Magistrate Judge's findings and recommendation. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Findings, Recommendation, and Order (filing 21) are adopted.

2. The defendant's Motion to Correct Record (filing 26) is granted.

3. The plaintiff's objection (filing 22) to the Magistrate Judge's findings and recommendation is denied.

4. The defendant's Motion to Compel Arbitration and Stay Action or, in the Alternative, to Transfer to the United States District Court for the District of Minnesota and/or Dismiss (filing 11) is granted in part, and denied in part, as set forth below:

    a. To the extent that the motion asks the Court to compel arbitration, the motion is granted, and the parties are directed to proceed to arbitration pursuant to the arbitration provisions of the purchase agreement.

    b. To the extent that the motion asks the Court to stay this action pending arbitration, the motion is granted, and the case is stayed.

    c. To the extent that the motion asks the Court to transfer the action to the United States District Court for the District of Minnesota, the motion is denied.

    d. To the extent that the motion asks the Court to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), the motion is denied.

5. Every 60 days from the date of this order, counsel for the parties shall file a joint status report regarding the

      progress of arbitration proceedings. The Clerk of the Court is directed to set a Status Report Deadline to that effect.

6.    The defendant's previous Motion to Dismiss or, in the Alternative, to Stay Action (filing 4) is denied as moot.

Dated this 6th day of December, 2012.

                BY THE COURT:

                *John M. Gerrard* (signature)
                John M. Gerrard
                United States District Judge