IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT J. BOUMSTEIN, | |
| Plaintiff, | 8:12-CV-231 |
| vs. | |
| SECURITY PRODUCTS COMPANY, LLC, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the motion to alter or amend judgment (filing 30) filed by the plaintiff. The Court finds no merit to the motion and will overrule it, but it will be easier to understand why after a brief recap of the proceedings. The underlying dispute began when the defendant purchased a Nebraska company that was partly owned by the plaintiff. Filing 27-3. The purchase was to be paid for, in part, by a promissory note to be delivered at closing. Filing 27-3 at 3, 10. On December 31, 2010, an amendment to the purchase agreement was executed reaffirming that the purchase was to be funded by a promissory note "in substantially the form of [an exhibit] attached hereto." Filing 27-3 at 1. On the same day, the defendant delivered the promissory note to the company, and the company assigned the note to the plaintiff. Filing 7 at 2.

The plaintiff later sued the defendant for allegedly failing to pay on the note. Filing 7. The defendant filed a motion seeking to compel arbitration. Filing 11. The defendant argued that the plaintiff's claims against it arose from and related to the promissory note that incorporated the purchase agreement's arbitration clause. Filing 12 at 2-3. The plaintiff argued, among other things, that the arbitration clause was not incorporated into the note. Filings 10 at 12-16; 16 at 2. In response, the defendant again contended that the note incorporated the purchase agreement and its arbitration clause, based on the fact that the note and an amendment to the purchase agreement had been executed on the same day, and were to be considered and construed together. Filing 18 at 2. The defendant specifically pointed out that the note was an exhibit to the purchase agreement. Filing 18 at 3.

The Magistrate Judge agreed with the defendant. Filing 21. The Magistrate Judge found "little question" that "the Note is subject to the terms

of the Purchase Agreement and, along with the other exhibits to the Purchase Agreement, should be treated as a single contract controlled by the terms of the Purchase Agreement." Filing 21 at 9. The Magistrate Judge observed that the note was specifically referenced throughout the purchase agreement and that the purchase agreement contained a merger clause incorporating the schedules and exhibits attached to it. Filing 21 at 9. "Moreover," the Magistrate Judge wrote, "the Note expressly states that it was issued pursuant to the Purchase Agreement and is 'subject to' the terms of the Purchase Agreement." Filing 21 at 10. So, the Magistrate Judge recommended that the Court compel arbitration. Filing 21 at 16.

The plaintiff objected. Filing 22. Among other things, the plaintiff complained that the declaration attached to the defendant's evidence did not consistently reflect that the exhibits had been attached to the purchase agreement. Filing 22 at 1. The plaintiff adduced evidence that there had been no exhibits attached "to the original Asset Purchase Agreement." Filings 23-1 at 1; 23-2 at 1. And the plaintiff reasserted several of the arguments that he had made to the Magistrate Judge. *See* filing 24. In response, the defendant filed a motion to correct the record, blaming an inadvertent filing error for the omission of a declaration from the index filed with the Magistrate Judge, and offering evidence that there were attachments to the purchase agreement and amendment, including the promissory note. Filings 27-1, 27-2, 27-5.

The Court granted the defendant's motion to correct the record. Filing 29 at 1-2. The Court expressly discussed the plaintiff's argument that no exhibit had been attached to the *original* purchase agreement, finding it sufficient that the note was an exhibit to the amendment.[1] Filing 29 at 2. The Court explained that the plaintiff's argument had been waived, but that it was without merit in any event. Filing 29 at 2. And the Court adopted the Magistrate Judge's findings and conclusions of law with respect to the other arguments raised by the plaintiff. Filing 29 at 2-3. So, the Court adopted the Magistrate Judge's findings and recommendation. Filing 29.

Before the Court now is the plaintiff's motion to alter or amend that order. Filing 30. The plaintiff has now adduced evidence that the promissory note was attached to neither the purchase agreement *nor* the amendment. Filings 31-1 at 1; 33 at 1-2. The plaintiff asserts, in fact, that the defendant has purportedly *still* not provided a complete set of exhibits. Filing 33 at 2. The plaintiff contends that whether the note was attached to either the

---

[1] The Court discussed this argument only because it was newly raised in support of the objection, and therefore had not been addressed by the Magistrate Judge. It was not the only basis for the Court's decision—it was just the only point on which the Court could not simply adopt the well-reasoned findings of the Magistrate Judge.

purchase agreement or the amendment "is outcome determinative." Filing 32 at 2. And the plaintiff takes issue with the Court's findings in several particular respects, primarily contending that the Court erred in suggesting that the plaintiff had waived some arguments. Filing 32 at 4-5, 10-14.

But the plaintiff's argument is undone by one simple fact: it is not disputed that the promissory note, if nothing else, was delivered to the company on December 31, 2010, on the same day that the purchase agreement became effective and the amendment was signed. Filing 7 at 2. On the same day, the note was assigned to the plaintiff, and the assignment was delivered to the plaintiff along with the note. Filing 7-2. The note, purchase agreement, and amendment all refer to one another, and even the assignment refers to both the note and the purchase agreement. Filings 7-1, 7-2, and 27-3. Under Minnesota law, a contract and several writings relating to the same transaction must be construed with reference to each other. *Knut Co. v. Knutson Constr. Co.*, 433 N.W.2d 149, 151 (Minn. App. 1988). The Court does not believe that the use of a staple is dispositive. *See id.*[2]

The plaintiff simply cannot deny that the defendant delivered the promissory note on December 31, 2010. Nor can the plaintiff deny that the documents at issue clearly referenced one another. The plaintiff's repeated attempts to show that the documents were not "attached" are beside the point. Even if the Court fully considers (and believes) the plaintiff's evidence, it does not change the Court's conclusion.

IT IS ORDERED:

1.    The Plaintiff's Motion to Alter or Amend Judgment (filing 30) is denied.

---

[2] The plaintiff argued that *Knut Co.*, relied upon by the Magistrate Judge, is distinguishable because in *Knut Co.*, "the purchase agreement had the note at issue attached and involved one transaction, which is not the case here." Filing 22 at 2. The Court has examined *Knut Co.* carefully and finds no suggestion that the documents were physically attached, other than the term "exhibits," which was also used in the present case. *See id.* at 150. Rather, the Court's analysis in *Knut Co.* was based on the fact that the writings were executed at the same time and specifically referred to one another. *Id.* at 151. The Court views *Knut Co.* as substantially indistinguishable from the present case.

Dated this 4th day of April, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge